UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO DE SANCTIS,<br><br>        Plaintiff,<br><br>    v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.,<br><br>        Defendant. | Case No. 23-cv-05570-VC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

      The motion to remand is denied because the amount in controversy exceeds the $5 million required for jurisdiction under the Class Action Fairness Act. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, and the arguments made by the parties.

      Clean Harbors calculated the amount in controversy using the following assumptions: one hour of unpaid overtime for each eligible workweek, one missed meal break and one missed rest break for every five eligible work shifts, and maximum waiting-time penalties for all former employees in the class period. Taken in light of the complaint's allegations, these assumptions are reasonable. *See*, *e.g.*, *Remillard v. Charles Machine Works*, No. 23-cv-02639-RS, 2023 WL 4400049, at *3 (N.D. Cal. July 7, 2023); *see also Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989, 993–94, 993 n.5 (9th Cir. 2022). They are not the sort of aggressive assumptions that typically require further evidentiary support. *Compare Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701–02 (9th Cir. 2020); *see also, e.g.*, *Rutledge v. Healthport Technologies, LLC*, No. 16-cv-06920-VC, 2017 WL 728375, at *1–2 (N.D. Cal. Feb. 24, 2017); *Sanchez v.*

*WaveDivision Holdings, LLC*, No. 18-cv-02439-VC, 2018 WL 3343589, at *1 (N.D. Cal. July 9, 2018). For instance, Clean Harbors considered only workweeks long enough to qualify for overtime pay and work shifts long enough to qualify for meal and rest breaks. These conservative estimates still produced an amount in controversy that more than doubles CAFA's $5 million requirement.

    **IT IS SO ORDERED.**

Dated: January 23, 2024

VINCE CHHABRIA
United States District Judge